*Johnston v. Cole*, No. 345-8-13 Bncv (Wesley, J., Aug. 29, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Bennington Unit                                            Docket No. 345-8-13 Bncv

| Johnston vs. Cole |
|---|

# ENTRY REGARDING MOTION

Count 1, Landlord Tenant (345-8-13 Bncv)

Title:          Motion for Summary Judgment (Motion 6)
Filer:          Bruce Johnston
Attorney:       Malory S. Goldstein
Filed Date:     June 27, 2014

No response filed
**Choose a decision.**

### Decision and Order
### Denying Plaintiff's Motion for Summary Judgment

Plaintiff sues Defendant claiming Defendant did damage to an apartment unit. Defendant was a tenant of Plaintiff, and the acts purported to have resulted in monetary loss to Plaintiff arose in the context of the landlord-tenant relationship. Allegedly, Defendant removed shelving and other fixtures from a building on Plaintiff's property. Plaintiff's insurance company paid Plaintiff for the damages and now seeks to recover approximately $13,000 from Defendant. Plaintiff pled claims of negligence, gross negligence, and waste. Plaintiff did not plead a claim for breach of contract. Defendant answered the complaint and alleged he had Plaintiff's permission to remodel the house as part of the tenancy agreement.

On June 27, 2014, Plaintiff moved for summary judgment. Plaintiff attached a statement of undisputed facts. To support Plaintiff's statement of undisputed facts, Plaintiff cited to requests to admit that that Defendant did not answer. Plaintiff asks the Court to deem these requests admitted. *See* V.R.C.P. 36; *Gallipo v. Rutland*, 2005 VT 83, ¶¶ 21–22, 178 Vt. 244. Defendant also did not respond to the motion for summary judgment.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.

Although Defendant did not oppose the motion for summary judgment, the Court will not grant summary judgment because of defects in the pleadings. Plaintiff's complaint indicates Defendant did the alleged damage as part of a lease agreement. Damages in a landlord-tenant relationship are normally resolved as breaches of contract. *See Waterbury Feed Co., LLC v.*

*O'Neil*, 2006 VT 126, ¶ 25, 181 Vt. 535. Moreover, the economic loss rule prevents a plaintiff from using tort remedies to recover for economic losses that should be litigated as part of a breach of contract action. *See Long Trail House Condo. Ass'n v. Engelberth Constr.*, 2012 VT 80, ¶ 11, 192 Vt. 322. Plaintiff may have a valid claim for waste. *See Prue v. Royer*, 2013 VT 12, ¶ 62, 193 Vt. 267. Nevertheless, Plaintiff's improper pleading and Defendant's lack of response leaves the Court with doubts as to the facts of this case, and their sufficiency to support the causes of action plead in the complaint. Therefore, Plaintiff is not entitled to summary judgment.

### Order

The Court **DENIES** Plaintiff's Motion for Summary Judgment. The Court notes that this case is scheduled for jury drawing on Nov. 4 at 9:00 a.m., jury trial on Nov. 13 at 9:00 a.m., and pre-trial conference on Oct. 27 at 11:00 a.m.

Electronically signed on August 29, 2014 at 10:07 AM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Defendant Robert F. Cole
Neutral Mediator/Arbitrator/Evaluator Chris Ekman
Malory S. Goldstein (ERN 6505), Attorney for Plaintiff Bruce Johnston